UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | | |
|---|---|---|---|
| GREGORY WERNER | } | | |
| | } | | |
| Plaintiff, | } | Civil Action, File No. | |
| -against- | } | | |
| | } | | |
| FORSTER & GARBUS, LLP, | } | | |
| MARK A. GARBUS, RONALD FORSTER, | } | | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | | |
| TRUST 2006-1, A DELAWARE STATUTORY TRUST(S), | } | | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | | |
| TRUST 2006-2, A DELAWARE STATUTORY TRUST(S), | } | | |
| NATIONAL COLLEGIATE STUDENT LOAN | } | | |
| TRUST 2006-3, A DELAWARE STATUTORY TRUST(S), | } | | |
| TRANSWORLD SYSTEMS, INC., | } | | |
| BERNARD P. ZENG, JIM KIRBY, JAY KING, | } | | |
| TONY L'ABBATE, NCO FINANCIAL SYSTEMS, INC., | } | | |
| EXPERT GLOBAL SOLUTIONS, INC., | } | | |
| THE FIRST MARBLEHEAD CORPORATION, | } | | |
| FIRST MARBLEHEAD DATA SERVICES, INC. | } | | |
| THE NATIONAL COLLEGIATE FUNDING LLC, | } | | |
| GATE HOLDINGS, INC., | } | | |
| THE EDUCATION RESOURCES INSTITUTE, INC., | } | | |
| WILMINGTON TRUST COMPANY, | } | | |
| PLATINUM EQUITY, LLC, | } | | |
| M&T BANK CORPORATION, AND | } | | |
| FIRST MARBLEHEAD EDUCATION RESOURCES, INC., | } | | |
| | } | | |
| Defendants. | } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Gregory Werner [hereinafter "Werner"], complains of Forster & Garbus, LLP,

Mark A. Garbus, Ronald Forster, Transworld Systems, Inc., Jim Kirby, Bernard P. Zeng, NCO

Financial Systems, Inc., Jay King, Tony L'Abbate, Expert Global Solutions, Inc., and Platinum

Equity, LLC, collectively, individually and in any combination known as Debt Collectors, and

1

National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, Wilmington Trust Company, M&T Bank Corporation, The First Marblehead Corporation, First Marblehead Data Services, Inc., The National Collegiate Funding LLC, GATE Holdings, Inc., First Marblehead Education Resources, Inc., and The Education Resources Institute, Inc., collectively, individually and in any combination known as "Assignees", and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), (2) and (3) 28 USCS § 1332 (a) (1).

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 based on the below claims under New York General Business Law § 349 and New York's common law of negligence.

3. Venue in this district is proper based on the location of Forster & Garbus, LLP, Mark A. Garbus, and Ronald Forster's principal place of business in this district, Debt Collectors' and Assignees' regular transaction of business within this district, and/or Debt Collectors' and Assignees' having derived substantial revenue from services rendered in this district.

4. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

5. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

6. Werner is a natural person who currently resides at 6 North Road, Brewster, NY 10509.

7. Werner is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

8. The alleged debts at issue arose out of a transaction used primarily for personal, family

2

or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Forster & Garbus, LLP ("F&G") is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

10. The principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Mark A. Garbus ("Garbus") is an attorney and individual with a principal place of business located at F&G.

13. Garbus is a partner of F&G, holds himself out as a partner of F&G, and/or controls and/or supervises the debt collection activities of F&G.  Garbus is accordingly liable for the acts of F&G.

14. Garbus also is a debt collector as defined by the FDCPA.

15. Ron Forster ("Forster") is an attorney and individual with a principal place of business located at F&G.

16. Forster is a partner of F&G, holds himself out as a partner of F&G, and/or controls and/or supervises the debt collection activities of F&G.  Forster is accordingly liable for the acts of F&G.

17. Forster also is a debt collector as defined by the FDCPA.

18. Transworld Systems, Inc. ("Transworld") is a corporation with a principal place of business of 2235 Mercury Way, Ste. 275, Santa Rosa, CA 95407-5413.

3

19. The principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

20. Jim Kirby ("Kirby") is an individual with a principal place of business located at Transworld.

21. Kirby is the Vice President Collections of Transworld and controls and/or supervises the debt collection activities of Transworld.  Kirby is accordingly liable for the acts of Transworld.

22. Kirby also is a debt collector as defined by the FDCPA.

23. Bernard P. Zeng ("Zeng") is an individual with a principal place of business located at Transworld.

24. Zeng is the Senior Vice President and General Manager of Transworld and controls and/or supervises the debt collection activities of Transworld.  Zeng is accordingly liable for the acts of Transworld.

25. NCO Financial Systems, Inc. ("NCO") is a corporation with a principal place of business of 507 Prudential Road, Horsham, PA 19044.

26. The principal purpose of NCO is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

27. At relevant times, Transworld was a wholly owned subsidiary of NCO; and NCO controlled and/or supervised the debt collection activities of Transworld or is otherwise

4

legally responsible for their debt collection activities.  Upon information and belief, NCO also was responsible for determining whether or not Transworld's debt collection activities are in compliance with applicable laws such as the FDCPA.

28. Jay King ("King") is an individual with a principal place of business located at NCO.

29. King is the Head, Accounts Receivable Management, of NCO and controls and/or supervises the debt collection activities of NCO.  King is accordingly liable for the acts of NCO.

30. King also is a debt collector as defined by the FDCPA.

31. Tony L'Abbate ("L'Abbate") is an individual with a principal place of business located at NCO.

32. L'Abbate is the Senior Vice President, Accounts Receivable Management Operations Control, of NCO and controls and/or supervises the debt collection activities of NCO. L'Abbate is accordingly liable for the acts of L'Abbate.

33. L'Abbate also is a debt collector as defined by the FDCPA.

34. Expert Global Solutions, Inc. ("EGS") is a corporation with a principal place of business of 5085 W. Park Blvd., Ste 300, Plano, TX, 75093.

35. A principal purpose of EGS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

36. At relevant times, NCO was a wholly owned subsidiary of EGS; and EGS controlled and/or supervised the debt collection activities of NCO and/or Transworld or was otherwise legally responsible for their debt collection activities.

5

37. EGS also is a debt collector as defined by the FDCPA.

38. Platinum Equity, LLC ("Platinum") is a corporation with a principal place of business of 360 N. Crescent Dr., Beverly Hills, CA 90210

39. A principal purpose of Platinum is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

40. At relevant times, Transworld was a wholly owned subsidiary of Platinum; and Platinum controlled and/or supervised the debt collection activities of Transworld or was otherwise legally responsible for their debt collection activities.

41. Platinum also is a debt collector as defined by the FDCPA.

42. F&G is an agent of Transworld, Kirby, Zeng, NCO, King, L'Abbate, EGS, and/or Platinum; F&G's actions set forth below were controlled by Transworld, Kirby, Zeng, NCO, King, L'Abbate, EGS, and/or Platinum; and/or the information and documents obtained by and available to F&G were controlled by Transworld, Kirby, Zeng, NCO, King, L'Abbate, EGS, and/or Platinum. Therefore, Transworld, Kirby, Zeng, NCO, King, L'Abbate, EGS, and/or Platinum are vicariously liable for the actions of F&G.

43. National Collegiate Student Loan Trust 2006-1 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

44. National Collegiate Student Loan Trust 2006-2 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

45. National Collegiate Student Loan Trust 2006-3 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE  19890.

46. Wilmington Trust Company is a Delaware corporation and bank with a principal place of business located at 100 North Market Street, Wilmington, DE  19890.

47. M&T Bank Corporation is a United States bank holding company headquartered at One M&T Plaza, Buffalo, NY  14203.

48. The First Marblehead Corporation is a corporation with a principal place of business of 800 Boylston Street, 34th Floor, Boston, MA  02199.

49. First Marblehead Data Services, Inc. is a corporation with a principal place of business of 800 Boylston Street, 34th Floor, Boston, MA  02199.

50. The National Collegiate Funding LLC is a corporation with a principal place of business of c/o First Marblehead Data Services, Inc., 800 Boylston Street, 34th Floor, Boston, MA  02199.

51. GATE Holdings, Inc. is a corporation with a principal place of business of 800 Boylston Street, 34th Floor, Boston, MA  02199.

52. The Education Resources Institute, Inc. ("TERI"), is a corporation with a principal place of business of 31 St. James Avenue, Boston, Massachusetts 02116.

53. First Marblehead Education Resources, Inc.'s principal executive offices are located at 31 St. James Avenue, Boston, MA  02116.

54. The First Marblehead Corporation enters into agreements with student loan lenders such as Charter One Bank, N.A. for these lenders to assign current student loans and, as part of the same agreement, for their immediate transfer of these loans to The National

Collegiate Funding LLC.  GATE Holdings, Inc. is a controlling Member of The National

Collegiate Funding LLC. and is wholly owned by The First Marblehead Corporation.

55. The National Collegiate Funding LLC subsequently assigns these loans to a particular

trust such as National Collegiate Student Loan Trust 2006-3 and acts as the sponsor and

depositor of the trusts.

56. Wilmington Trust Company and TERI are the owners of these trusts.  Wilmington Trust

Company is a wholly owned subsidiary of M&T Bank Corporation.  TERI is a non-

profit Massachusetts corporation that guarantees the loans held by these trusts.

57. In 2001, TERI and The First Marblehead Corporation entered into an agreement that

resulted in the creation of First Marblehead Education Resources, Inc.; and First

Marblehead Education Resources, Inc. provides various services to TERI in connection

with the aforementioned loans and guarantees.

58. The purpose of these trusts is to collect the payment due on these student loans both

while the loans are current and after they are in default.

59. The loans in these trusts are serviced and administered by First Marblehead Data

Services, Inc. and Wilmington Trust Company.  The National Collegiate Funding LLC

and the trust itself are affiliates of First Marblehead Data Services, Inc., a wholly owned

subsidiary of The First Marblehead Corporation. The First Marblehead Corporation acts

as the structuring advisor of these trusts.

60. On January 28, 2014, F&G filed the four lawsuits annexed as Exhibit A.  The plaintiffs

in these lawsuits were the 3 Delaware statutory trusts named as Defendants in this action.

Werner, through his attorney, timely interposed an Answer in each lawsuit (Exhibit B).

Each Answer contained an Affirmative Defense of suing outside the statute of

limitations, lack of legal authority to bring an action in New York, and the inability to prove that the Delaware statutory trusts had standing to collect the alleged debt.

61. It took F&G and/or the Delaware statutory trusts over 3 months to comply with Werner's counsel's April 9, 2014 demands for documents in support of the claims in the lawsuit. They complied with the demands only after Werner's counsel sent them a draft of a motion to compel their compliance. Their responses are annexed as Exhibit C.

62. On September 2, 2014, Werner's counsel's sent F&G the letter attached as Exhibit D explaining the factual and legal reasons why the documents provided did not disprove and actually supported each of the aforementioned Affirmative Defenses. On September 16, 2014, F&G responded to the aforementioned September 2nd letter. See Exhibit E. They admitted many of the factual allegations in the aforementioned September 2nd letter but argued that the documents they previously provided proved they did not file the lawsuit outside the statute of limitations. Their response did not address the other two aforementioned Affirmative Defenses. On September 18, 2014, Werner's counsel's sent F&G the letter attached as Exhibit F pointing out the aforementioned deficiencies in their response letter. F&G never responded to the aforementioned September 18, 2014 letter.

63. After the parties engaged in the above discovery in these lawsuits; after Debt Collectors and/or Assignees provided to Werner's counsel all the documents which they believed supported their claims and addressed the aforementioned Affirmative Defenses; and after the parties exchanged the aforementioned letters, Werner, in one of the lawsuits, filed a motion to dismiss based upon all of these Affirmative Defenses. F&G opposed the motion; Werner's counsel submitted a reply; and the motion is pending before the court. The aforementioned motion, opposition and reply are annexed as Exhibit G. The same

motion would be applicable to the other lawsuits against Werner.

64. As can be seen from the aforementioned opposition submitted by F&G, as part of its opposition, F&G included documents (Exhibit H) which it and/or Debt Collectors and/or Assignees were unable or unwilling to provide as part of its aforementioned discovery responses or response to the aforementioned letter. These documents were documents which F&G and the below-mentioned custodian of records in the aforementioned opposition claimed were forbearance agreements which they argued tolled the statute of limitations and made the lawsuit a timely filed action. In addition to the reasons set forth in Werner's counsel's aforementioned reply, these documents were documents issued by TERI and were between TERI and Werner without any mention or reference to F&G's client, the original lender or any other assignee; and therefore indisputably had no legal relevance.

65. As can be seen from the aforementioned opposition submitted by F&G and Werner's counsel's aforementioned reply and as explained above, F&G completely ignored one basis for the motion to dismiss, the issue of notice of assignment, admitted most if not all of the other relevant factual allegations, but then proceeded to make factually incorrect and legally frivolous assertions regarding the tolling of the statute of limitations and the lack of systematic and regular activity in New York State by its client.

66. As evidenced by the Affidavit (Exhibit I) from Transworld contained in F&G's aforementioned opposition, Transworld was the custodian of records for the records relevant to the aforementioned lawsuit subject to the aforementioned motion to dismiss.

67. Upon information and belief, Transworld is the custodian of records for the records relevant to the other aforementioned lawsuits.

68. Upon information and belief, F&G obtained all its information about the debts involved in the aforementioned lawsuits from Transworld and/or Debt Collectors and/or Assignees.

## FIRST CAUSE OF ACTION

69. Werner realleges paragraphs 1-68 of this Complaint.

70. In an action in the Supreme Court of the State of New York, County of Putnam, Index No. 169-2014:

    a.  Debt Collectors sued Werner after the expiration of the statute of limitations;

    b.  Debt Collectors sued Werner on behalf of a Plaintiff which had no legal right to bring an action in a court in New York state;

    c.  Debt Collectors sued Werner on behalf of a Plaintiff who was not able to prove it had a legal right to collect the debt at issue since they were not able to prove that each prior assignor notified Werner of the assignment of the debt.

71. For one or more of the above reasons, by suing Werner in the above-identified lawsuit, Debt Collectors violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## SECOND CAUSE OF ACTION

72. Werner realleges paragraphs 1-68 of this Complaint.

73. In an action in the Supreme Court of the State of New York, County of Putnam, Index No. 170-2014:

    a.  Debt Collectors sued Werner after the expiration of the statute of limitations;

    b.  Debt Collectors sued Werner on behalf of a Plaintiff which had no legal right to bring an action in a court in New York state;

  c. Debt Collectors sued Werner on behalf of a Plaintiff who was not able to prove it had a legal right to collect the debt at issue since they were not able to prove that each prior assignor notified Werner of the assignment of the debt.

74. For one or more of the above reasons, by suing Werner in the above-identified lawsuit, Debt Collectors violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## THIRD CAUSE OF ACTION

75. Werner realleges paragraphs 1-68 of this Complaint.

76. In an action in the Supreme Court of the State of New York, County of Putnam, Index No. 171-2014:

  a. Debt Collectors sued Werner after the expiration of the statute of limitations;

  b. Debt Collectors sued Werner on behalf of a Plaintiff which had no legal right to bring an action in a court in New York state;

  c. Debt Collectors sued Werner on behalf of a Plaintiff who was not able to prove it had a legal right to collect the debt at issue since they were not able to prove that each prior assignor notified Werner of the assignment of the debt.

77. For one or more of the above reasons, by suing Werner in the above-identified lawsuit, Debt Collectors violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## FOURTH CAUSE OF ACTION

78. Werner realleges paragraphs 1-68 of this Complaint.

79. In an action in the Supreme Court of the State of New York, County of Putnam, Index No. 172-2014.

    a.   Debt Collectors sued Werner after the expiration of the statute of limitations;

    b.   Debt Collectors sued Werner on behalf of a Plaintiff which had no legal right to bring an action in a court in New York state;

    c.   Debt Collectors sued Werner on behalf of a Plaintiff who was not able to prove it had a legal right to collect the debt at issue since they were not able to prove that each prior assignor notified Werner of the assignment of the debt.

80. For one or more of the above reasons, by suing Werner in the above-identified lawsuit, Debt Collectors violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

81. Werner realleges paragraphs 1-68 of this Complaint.

82. The Summons prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 169-2014 sets forth that F&G's client's address is in Massachusetts.

83. The Complaint prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 169-2014 sets forth in paragraph 2 the following statement of fact:  "Plaintiff is authorized to proceed with this action"

84. As evidence by F&G's admissions in the aforementioned opposition to the aforementioned motion to dismiss, the aforementioned Plaintiff was not authorized to do business in New York at the time the aforementioned lawsuit was filed or at any time thereafter.

85. As explained in the aforementioned motion to dismiss and reply, the aforementioned Plaintiff had no legal right to file the aforementioned lawsuit; and therefore the statement of fact in paragraph 2 of the aforementioned lawsuit is false.

86. The false statement in a lawsuit served upon a consumer could mislead a putative-debtor as to the legal status of the underlying debt; and therefore Debt Collectors violated 15 USC § 1692e, 15 USC § 1692e (10), 15 USC § 1692e (2) (A), 15 USC § 1692e (5) as a result of the false statement.

### SIXTH CAUSE OF ACTION-CLASS CLAIM

87. Werner realleges paragraphs 1-68 of this Complaint.

88. The Summons prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 170-2014 sets forth that F&G's client's address is in Massachusetts.

89. The Complaint prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 170-2014 sets forth in paragraph 2 the following statement of fact: "Plaintiff is authorized to proceed with this action"

90. As evidence by F&G's admissions in the aforementioned opposition to the aforementioned motion to dismiss, the aforementioned Plaintiff was not authorized to do business in New York at the time the aforementioned lawsuit was filed or at any time thereafter.

91. As explained in the aforementioned motion to dismiss and reply, the aforementioned Plaintiff had no legal right to file the aforementioned lawsuit; and therefore the statement of fact in paragraph 2 of the aforementioned lawsuit is false.

92. The false statement in a lawsuit served upon a consumer could mislead a putative-

14

debtor as to the legal status of the underlying debt; and therefore Debt Collectors violated 15 USC § 1692e, 15 USC § 1692e (10), 15 USC § 1692e (2) (A), 15 USC § 1692e (5) as a result of the false statement.

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

93. Werner realleges paragraphs 1-68 of this Complaint.

94. The Summons prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 171-2014 sets forth that F&G's client's address is in Massachusetts.

95. The Complaint prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 171-2014 sets forth in paragraph 2 the following statement of fact: "Plaintiff is authorized to proceed with this action"

96. As evidence by F&G's admissions in the aforementioned opposition to the aforementioned motion to dismiss, the aforementioned Plaintiff was not authorized to do business in New York at the time the aforementioned lawsuit was filed or at any time thereafter.

97. As explained in the aforementioned motion to dismiss and reply, the aforementioned Plaintiff had no legal right to file the aforementioned lawsuit; and therefore the statement of fact in paragraph 2 of the aforementioned lawsuit is false.

98. The false statement in a lawsuit served upon a consumer could mislead a putative-debtor as to the legal status of the underlying debt; and therefore Debt Collectors violated 15 USC § 1692e, 15 USC § 1692e (10), 15 USC § 1692e (2) (A), 15 USC § 1692e (5) as a result of the false statement.

## EIGHTH CAUSE OF ACTION-CLASS CLAIM

99. Werner realleges paragraphs 1-68 of this Complaint.

100. The Summons prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 172-2014 sets forth that F&G's client's address is in Massachusetts.

101. The Complaint prepared by F&G in the action in the Supreme Court of the State of New York, County of Putnam Index No. 172-2014 sets forth in paragraph 2 the following statement of fact: "Plaintiff is authorized to proceed with this action"

102. As evidence by F&G's admissions in the aforementioned opposition to the aforementioned motion to dismiss, the aforementioned Plaintiff was not authorized to do business in New York at the time the aforementioned lawsuit was filed or at any time thereafter.

103. As explained in the aforementioned motion to dismiss and reply, the aforementioned Plaintiff had no legal right to file the aforementioned lawsuit; and therefore the statement of fact in paragraph 2 of the aforementioned lawsuit is false.

104. The false statement in a lawsuit served upon a consumer could mislead a putative-debtor as to the legal status of the underlying debt; and therefore Debt Collectors violated 15 USC § 1692e, 15 USC § 1692e (10), 15 USC § 1692e (2) (A), 15 USC § 1692e (5) as a result of the false statement.

## NINTH CAUSE OF ACTION-CLASS CLAIM

105. Werner realleges paragraphs 1-68 of this Complaint.

106. Prior to the filing of the action in the Supreme Court of the State of New York, County of Putnam Index No. 169-2014, Debt Collectors had an obligation to conduct a

16

meaningful review including but not limited to a meaningful review to determine whether or not the statute of limitations had expired, whether or not the statute of limitations had been tolled under New York law, whether the owner of the debt had a right to file a lawsuit in New York, and whether or not each assignor of the debt notified the consumer of the assignment.

107.     Prior and subsequent to the filing of the aforementioned action, there was no review of the original creditor and/or the statute of limitations applicable to the original creditor, whether or not there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the date on which the cause of action accrued, whether or not the statute of limitations had been tolled under New York law, whether the out-of-state owner of the debt had a right to file a lawsuit in New York, and/or whether or not each assignor of the debt notified the consumer of the assignment.

108.     Prior and subsequent to the filing of the aforementioned action, F&G relied on and/or obtained nothing but a charge-off date to determine the statute of limitations accrual date and/or relied on nothing but a charge-off date to determine the statute of limitations accrual date.

109.     As a result of the aforementioned failures and actions, Debt Collectors violated 15 USC 1692e.

## TENTH CAUSE OF ACTION-CLASS CLAIM

110.     Werner realleges paragraphs 1-68 of this Complaint.

111.     Prior to the filing of the action in the Supreme Court of the State of New York, County of Putnam Index No. 170-2014, Debt Collectors had an obligation to conduct a

17

meaningful review including but not limited to a meaningful review to determine whether or not the statute of limitations had expired, whether or not the statute of limitations had been tolled under New York law, whether the owner of the debt had a right to file a lawsuit in New York, and whether or not each assignor of the debt notified the consumer of the assignment.

112.    Prior and subsequent to the filing of the aforementioned action, there was no review of the original creditor and the statute of limitations applicable to the original creditor, whether or not there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the date on which the cause of action accrued, whether or not the statute of limitations had been tolled under New York law, whether the out-of-state owner of the debt had a right to file a lawsuit in New York, and/or whether or not each assignor of the debt notified the consumer of the assignment.

113.    Prior and subsequent to the filing of the aforementioned action, F&G relied on and/or obtained nothing but a charge-off date to determine the statute of limitations accrual date and/or relied on nothing but a charge-off date to determine the statute of limitations accrual date.

114.    As a result of the aforementioned failures and actions, Debt Collectors violated 15 USC 1692e.

## ELEVENTH CAUSE OF ACTION-CLASS CLAIM

115.    Werner realleges paragraphs 1-68 of this Complaint.

116.    Prior to the filing of the action in the Supreme Court of the State of New York, County of Putnam Index No. 171-2014, Debt Collectors had an obligation to conduct a

18

meaningful review including but not limited to a meaningful review to determine whether or not the statute of limitations had expired, whether or not the statute of limitations had been tolled under New York law, whether the owner of the debt had a right to file a lawsuit in New York, and whether or not each assignor of the debt notified the consumer of the assignment.

117.    Prior and subsequent to the filing of the aforementioned action, there was no review of the original creditor and the statute of limitations applicable to the original creditor, whether or not there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the date on which the cause of action accrued, whether or not the statute of limitations had been tolled under New York law, whether the out-of-state owner of the debt had a right to file a lawsuit in New York, and/or whether or not each assignor of the debt notified the consumer of the assignment.

118.    Prior and subsequent to the filing of the aforementioned action, F&G relied on and/or obtained nothing but a charge-off date to determine the statute of limitations accrual date and/or relied on nothing but a charge-off date to determine the statute of limitations accrual date.

119.    As a result of the aforementioned failures and actions, Debt Collectors violated 15 USC 1692e.

## TWELFTH CAUSE OF ACTION-CLASS CLAIM

120.    Werner realleges paragraphs 1-68 of this Complaint.

121.    Prior to the filing of the action in the Supreme Court of the State of New York, County of Putnam Index No. 172-2014, Debt Collectors had an obligation to conduct a

meaningful review including but not limited to a meaningful review to determine whether or not the statute of limitations had expired, whether or not the statute of limitations had been tolled under New York law, whether the owner of the debt had a right to file a lawsuit in New York, and whether or not each assignor of the debt notified the consumer of the assignment.

122.    Prior and subsequent to the filing of the aforementioned action, there was no review of the original creditor and the statute of limitations applicable to the original creditor, whether or not there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the date on which the cause of action accrued, whether or not the statute of limitations had been tolled under New York law, whether the out-of-state owner of the debt had a right to file a lawsuit in New York, and/or whether or not each assignor of the debt notified the consumer of the assignment.

123.    Prior and subsequent to the filing of the aforementioned action, F&G relied on and/or obtained nothing but a charge-off date to determine the statute of limitations accrual date.

124.    As a result of the aforementioned failures and actions, Debt Collectors violated 15 USC 1692e.

### THIRTEENTH CAUSE OF ACTION

125.    Werner realleges paragraphs 1-68 of this Complaint.

126.    For the reasons set forth  above and explained in the aforementioned motion to dismiss and reply, there is no arguable basis for the action in the Supreme Court of the State of New York, County of Putnam Index No. 169-2014 not to have been voluntarily dismissed at some point between the date it was filed and the present.

127.    As a result of the failure to voluntarily dismiss the aforementioned lawsuit, Debt

Collectors have violated 15 USC § 1692f (1) and 15 USC § 1692e (5).

## FOURTEENTH CAUSE OF ACTION

128.    Werner realleges paragraphs 1-68 of this Complaint.

129.    For the reasons set forth  above and explained in the aforementioned motion to

dismiss and reply, there is no arguable basis for the action in the Supreme Court of the

State of New York, County of Putnam Index No. 170-2014 not to have been

voluntarily dismissed at some point between the date it was filed and the present.

130.    As a result of the failure to voluntarily dismiss the aforementioned lawsuit, Debt

Collectors have violated 15 USC § 1692f (1) and 15 USC § 1692e (5).

## FIFTEENTH CAUSE OF ACTION

131.    Werner realleges paragraphs 1-68 of this Complaint.

132.    For the reasons set forth  above and explained in the aforementioned motion to

dismiss and reply, there is no arguable basis for the action in the Supreme Court of the

State of New York, County of Putnam Index No. 171-2014 not to have been

voluntarily dismissed at some point between the date it was filed and the present.

133.    As a result of the failure to voluntarily dismiss the aforementioned lawsuit, Debt

Collectors have violated 15 USC § 1692f (1) and 15 USC § 1692e (5).

## SIXTEENTH CAUSE OF ACTION

134.    Werner realleges paragraphs 1-68 of this Complaint.

135.    For the reasons set forth  above and explained in the aforementioned motion to

dismiss and reply, there is no arguable basis for the action in the Supreme Court of the

State of New York, County of Putnam Index No. 172-2014 not to have been

voluntarily dismissed at some point between the date it was filed and the present.

136.   As a result of the failure to voluntarily dismiss the aforementioned lawsuit, Debt Collectors have violated 15 USC § 1692f (1) and 15 USC § 1692e (5).

### SEVENTEENTH CAUSE OF ACTION-CLASS CLAIM

137.   Werner realleges paragraphs 1-68 of this Complaint.

138.   Werner is a consumer.

139.   Assignees retain attorneys to attempt to collect debts from New York consumers by filing lawsuits in New York against New York consumers in the name of plaintiffs who have no legal right to maintain an action in a New York state court; and these lawsuits allege that these plaintiffs are authorized to proceed with the lawsuit.

140.   Prior to the aforementioned filing of the aforementioned lawsuits, Assignees provide to the attorneys retained to file these lawsuits nothing but a charge-off date to determine the statute of limitations accrual date.  Assignees do not provide to the attorneys retained to file these lawsuits information as to whether there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the existence and nature of any agreement by the consumer regarding the forbearance of payments, and/or each assignor's notification to the consumer of the assignment.

141.   Assignees and/or Debt Collectors retain attorneys to file the aforementioned lawsuits without providing the aforementioned information, knowing that the consumer never made a payment, knowing that the consumer did not execute any agreement regarding the forbearance of payments, knowing that any agreement regarding the forbearance of payments did not toll the statute of limitations, knowing that the statute of limitations to

file a lawsuit in New York had expired, and/or knowing that each assignor of the debt did not notify the consumer of the assignment.

142.    Assignees and/or Debt Collectors direct F&G to rely on the charge-off date to determine the statute of limitations accrual date and/or F&G purposefully relies on nothing but a charge-off date to determine the statute of limitations accrual date.

143.    The above actions and omissions are consumer oriented for the following reasons:

a.    They were directed at Werner;

b.    Assignees and/or Debt Collectors regularly attempt to collect student loans and other consumer debts from hundreds of thousands of consumers.  Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA were directed at numerous numbers of these hundreds of thousands of consumers.

144.    A consumer would receive a lawsuit indicating, from the name of the plaintiff, that it related to a student loan debt.  The consumer knew they owed money on a student loan.  The lawsuit would represent that the plaintiff was authorized to bring this lawsuit.  The statute of limitations to bring this lawsuit would have expired prior to the bringing of this lawsuit making it illegal to bring the lawsuit or requiring the lawsuit to be dismissed and therefore eliminating the ability of the plaintiff to collect the debt via this lawsuit.  Based on the method for calculating the statute of limitations and the knowledge required to determine the applicable statute of limitations, a consumer would have no ability to ascertain the statute of limitations had expired.

145.    As a result of receiving a lawsuit which the consumer knew related to a student loan and which represented that the plaintiff was authorized to bring this lawsuit and knowing they owed money on a student loan, the consumer would believe that they had an

obligation to pay or all a portion of the debt or have a judgment against them despite the expiration of the statute of limitations.

146.    As a result of the above, the aforementioned actions and omissions were deceptive or misleading.

147.    Werner suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him against four different lawsuits filed after the expiration of the statute of limitations, and the emotional distress of being sued without any legal basis.

148.    In light of the facts set forth above, each of the actions, misrepresentations and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Assignees and Debt Collectors.

## EIGHTEENTH CAUSE OF ACTION

149.    Werner realleges paragraphs 1-68 of this Complaint.

150.    F&G, by virtue of their being attorneys and having the legal authority to file lawsuits, have a duty to take reasonable steps to ascertain their client's legal right to sue and the existence of a legal right to prevail in the lawsuit both prior and after filing a lawsuit against a person.

151.    Without excuse or justification, F&G negligently failed, both prior and after filing a lawsuit against Werner on four different occasions, to take the aforementioned reasonable steps including determining whether or not the statute of limitations had expired, whether or not the statute of limitations had been tolled under New York law, whether the owner of the debt had a right to file a lawsuit in New York, and whether or

24

not each assignor of the debt notified the consumer of the assignment.

152.   The aforementioned failures by F&G, based on their experience as debt collection attorneys, amounts to gross negligence.

153.   F&G is liable to Werner for the damages incurred as a result of this negligence

154.   Since F&G was grossly negligent for the reasons described above, F&G also is liable for punitive damages.

## CLASS ALLEGATIONS

155.   Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

156.   The classes consist of

I.   (a) all consumers (b) sued by F&G (c) on or after January 28, 2014 through the date of the filing of this action (d) on behalf of an entity which is not authorized to do business in New York but which does business in New York (e) to collect a student loan debt;

II.   (a) all consumers (b) sued by F&G (c) on or after January 28, 2014 through the date of the filing of this action (d) to collect a student loan debt where under the terms of the loan agreement the consumer had chosen a "Full Deferral Repayment Option" (e) where prior to the filing of the lawsuit the consumer never had made a payment towards the student loan debt (f) where prior to filing a lawsuit, F&G possessed, obtained, or was provided nothing about (i) whether or not there ever was a payment made by the consumer, (ii) the date of the last payment made by the consumer, (iii) the date on which the consumer ceased attending school on at

25

least a half-time basis, and/or the existence of a written fully executed forbearance agreement which contained language regarding the statute of limitations (f) the loan agreement did not allow for any oral modifications and/or required a jointly signed agreement to effectuate any modifications and (g) under the terms of the loan agreement a forbearance of any payment due date did not automatically toll the statute of limitations, default date, "Deferment End Date", or "Repayment Period".

III.    (a) all consumers (b) sued by F&G (c) on or after January 28, 2014 through the date of the filing of this action (d) to collect a student loan debt (e)  where prior to filing a lawsuit, F&G relied on nothing but a charge-off date or first payment due date to determine the statute of limitations accrual date.

IV.    (a) all consumers (b) sued by F&G (c) on or after January 28, 2014 through the date of the filing of this action (d) to collect a student loan debt (e)  where prior to filing a lawsuit, F&G was provided nothing but a charge-off date or first payment due date to determine the statute of limitations accrual date.

V.    (a) all consumers (b) sued by F&G (c) on or after January 28, 2014 through the date of the filing of this action (d) to collect a student loan debt on behalf of a plaintiff who was not the original lender (e) where prior to filing a lawsuit, F&G possessed, obtained, or was provided nothing about whether or not each assignor of the debt notified the consumer of the assignment.

26

157.    The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members.

158.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

159.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

160.    A class action is the superior means of adjudicating this dispute.

161.    Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages of $1,000 for Werner for Debt Collectors' violations of the FDCPA;

2. As regards Debt Collectors' violations of the FDCPA, statutory damages of $1,000 for each class member in a total amount not to exceed the lesser of $500,000 or 1% of the net worth of all Debt Collectors;

3. Plaintiff's actual damages for Debt Collectors' violations of the FDCPA in the amount of $14,000.00 representing $6000 in attorney's fees incurred by Werner to defend the above-mentioned four court actions and $8,000 due to Werner as a result of the emotional distress of being sued four times at once without any legal basis for a total of almost $69,000.00;

4. The amount of costs and attorney's fees resulting from Debt Collectors' violations of the FDCPA;

5. For Werner and each class member, statutory damages and actual damages along with costs and attorney's fees for each of Defendants' violations of General Business Law 349;

6. Actual damages in the amount of $100,000.00 incurred by Werner along with punitive damages in the amount of $250,000.00 as a result of the gross negligence set forth in the eighteenth cause of action.

7. Any and all other relief deemed just and warranted by this court.

Dated:        January 25, 2015

/s/_____
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Ste., 255
Huntington, NY  11743
(631) 335-1107